IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


IN RE STEPHEN A. GRIFFIN                          DEBTOR


STEPHEN A. GRIFFIN                               APPELLANT


    v.              Case No. 05-2090


LANCE BEATY, *et al.*                            APPELLEES


## MEMORANDUM OPINION AND ORDER

On April 1, 2005, the Honorable James G. Mixon, United States Bankruptcy Judge, Western District of Arkansas, imposed Bankruptcy Rule 9011 sanctions in connection with the above-styled cause. For the reasons which follow, the sanctions order is AFFIRMED.

## A.    Background

On January 14, 2002, Appellant filed for Chapter 11 bankruptcy. Appellant's former business partners, Lance Beaty and Stephen Nelson (Appellees), filed suit against Appellant in state court on November 2, 2001. On February 5, 2003, Appellant's Chapter 11 was converted to a Chapter 7, and Richard Cox was appointed trustee of the estate. Accordingly, Appellees' state court case against Appellant was removed to the bankruptcy court and became property of the bankruptcy estate. Appellant's schedules reflected nearly $14 million of assets in excess of liabilities.

Appellant desired to pursue a claim against Appellees and requested the bankruptcy trustee advise Appellant's counsel of his intentions in this regard. No advice was given as to the trustee's intentions, and Appellant contends any such claim would have been barred if not instituted before the statute of limitations ran on January 14, 2004. On January 14, 2004, Appellant amended his counterclaims against Beaty and Nelson and filed a cross-claim against First National Bank of Fort Smith, a party to the original state court complaint.

On March 24, 2004, Appellees filed a Motion for Sanctions against Appellant's counsel. At the hearing held August 25, 2004, the bankruptcy court found Appellant did not have proper standing to amend his counterclaim or to file a cross-claim and that Appellant's counsel had not conducted reasonable inquiry into the matter before proceeding. The bankruptcy court then awarded attorney fees in the amount of $1,100.00 to Appellees against Appellant's counsel.

**B.   Discussion**

Appellant contends the bankruptcy court's sanctions order was improper as he had requisite standing to file the cross-claim and amended counterclaim instead of the bankruptcy trustee. Appellant argues this is an unsettled area of the law, and the sanctions order was inappropriate as his counsel conducted a reasonable inquiry into the existing law before

filing the cross-claim and amended counterclaim.

When sitting as an appellate court, the district court reviews the bankruptcy court's findings of fact, whether based upon oral or documentary evidence, for clear error, and reviews legal conclusions *de novo*. *See* Fed. R. Bankr. P. 8013; *First Nat'l Bank of Olathe v. Pontow*, 111 F.3d 604, 609 (8th Cir. 1997). A bankruptcy court's sanctions order is subject to an "abuse of discretion" standard of review. *Mid-Tech Consulting v. Swendra*, 938 F.2d 885, 888 (8th Cir. 1991). A court abuses its discretion if it bases its sanctions ruling on "an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id*. at 888 (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)).

Courts considering sanctions under Bankruptcy Rule 9011 rely on case law construing Rule 11 of the Federal Rules of Civil Procedure. *See*, *e.g.*, *In the Matter of Cohoes Industrial Terminal, Inc.*, 931 F.2d 222, 227 (2nd Cir. 1991); *In re D. C. Sullivan Co.*, 843 F.2d 596, 598 (1st Cir. 1988); *Cinema Service Corp. v. Edbee Corp.*, 774 F.2d 584, 585 (3d Cir. 1985). "The standard by which courts are to judge conduct challenged under [R]ule 11 [or Bankruptcy Rule 9011] is one of objective reasonableness." *Hartman v. Hallmark Cards*, Inc., 833 F.2d 117, 124 (8th Cir. 1987). The Court must determine whether the attorney signing the pleading conducted a reasonable inquiry

3

into the facts and law supporting the pleading.  *See O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987).

The bankruptcy court determined Appellant did not have standing to file a cross-claim and amended counterclaim in the adversary proceeding which had been removed from state court.[1] The court also determined that Appellant's counsel did not conduct a reasonable inquiry into the relevant facts and law in electing to file said pleadings.

According to the Bankruptcy Code, upon conversion of a Chapter 11 bankruptcy case to Chapter 7, "all legal or equitable interests of the debtor in property as of the commencement of the case" become property of the bankruptcy estate.  *See* 11 U.S.C. § 541 (2005).  Once the bankruptcy estate is formed and a trustee appointed, the trustee is the "representative of the estate" and "has capacity to sue and be sued."  *See* 11 U.S.C. § 323 (2005).  This authority is granted to the trustee to the exclusion of the debtor.  *See generally Wolfe v. Gilmour Mfg. Co.*, 143 F.3d 1122 (8th Cir. 1998).  As such, the only party who can pursue a claim on behalf of the bankruptcy estate is the trustee, thus the debtor lacks standing.  *See Bankr. Estate of B.J. McAdams, Inc. v. Ralston Purina Co.*, 154 B.R. 809 (Bankr. N.D. Ga. 1993); *Nassau Savs. and Loan Assoc. v. Miller*, 116 B.R.

---

[1] *Beaty, et al., v. Griffin, et al.*, Case No. 02-7029 (Bankr. W.D. Ark. filed Feb. 19, 2002).

AO72A
(Rev. 8/82)

423 (Bankr. E.D. Pa. 1990).

Appellant argues he possessed standing because his assets exceeded the liabilities in the bankruptcy case and because he would receive the surplus after creditors were paid. His theory is also based on his contention that his share of the surplus would be enlarged if he were entitled to sue and lessened if the trustee failed to sue. Despite this argument, the trustee was the real party in interest and the only person who could sue for the benefit of Appellant's bankruptcy estate.[2] It follows that the only person who had standing to amend the pleadings was the trustee. Therefore, Appellant was without standing to file the cross-claim and without standing to amend his counterclaim in the adversary proceeding.

Appellant further argues the sanctions award of $1,100.00 was improper as Appellant's counsel conducted a reasonable inquiry into the facts and law surrounding the issue, relied on their research results, and filed their cross-claim and amended counterclaim in good faith.

In the hearing transcript on the Motion for Sanctions,

---

[2] In his brief, Appellant cites several cases in support of his position that he had standing since his assets exceeded his liabilities in the bankruptcy case and he stood to receive the surplus after distribution of the estate assets to creditors. These cases, however, pertain to the debtor's standing to *object to* and *appeal* the bankruptcy court's order and do not confer standing on the debtor to bring a case in place of the bankruptcy trustee.

5

Judge Mixon found the trustee had entered into a tolling agreement, which tolled the statute of limitations, and that Appellant's efforts should have been to confer with the trustee concerning such an agreement. (Transcript of Sanctions Hearing on 8/25/04, at 11.) Appellant's counsel's decision to amend Appellant's counterclaim and file a cross-claim has no legal support. We find the decision of the bankruptcy judge to award attorney fees of $1,100.00 in sanctions reasonable, did not constitute an abuse of discretion, and not clearly erroneous.

Accordingly, the judgment of the bankruptcy court is AFFIRMED.

IT IS SO ORDERED this 23rd day of August, 2005.

/s/ Robert T. Dawson

_____
Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)